# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAMON HARTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1518 CDP |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Damon Hartley (registration no. 6475-025), an inmate at FCI-Pekin, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.32. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $71.62, and an average monthly balance of $12.04. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.32, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for alleged violations of his right to be free from cruel and unusual punishment. Named as defendants are Alberto Gonzales (Attorney General of the United States), Carl Anderson (Community Corrections Manager, Federal Bureau of Prisons), Victor Vega (Deputy Community Corrections Manager, BOP), Lamar Armstead (Food Service Administrator, Dismas House), Michael Nalley (Regional Director, BOP), Dismas House of St. Louis, Harley Lappin (Director, BOP), T. Wingfield (Case Manager, Dismas House), H. Carter (Assistant Director, Dismas House), A. Arrington (same), C. Levins (Director,

Dismas House), John Doe, and Jane Doe. Plaintiff seeks monetary relief.

Plaintiff alleges that while he was detained at Dismas House pursuant to an agreement between Dismas House and the BOP he was sexually assaulted by defendant Armstead on several occasions. Plaintiff further alleges that defendant Carter also attempted to sexually abuse him. Plaintiff claims that he informed defendants Wingfield and Arrington of the abuse but that they failed to aid him. Plaintiff further claims that defendants Carter and Levins threatened him with retaliation if he discussed the abuse.

Plaintiff claims that he tried to reach defendants Anderson and Vega by phone to inform them of the abuse and that he left messages on their voice mail describing his problems. Plaintiff says that defendants Anderson and Vega did not return his calls.

Plaintiff claims that he left Dismas House on December 11, 2005, because of the abuse.[1] Plaintiff claims that when he left Dismas house his personal property was stolen and destroyed by Dismas House staff members.

---

[1] On February 1, 2006, plaintiff was indicted on one count of escape from Dismas House, a violation of 18 U.S.C. § 751. United States v. Hartley, 4:06CR77 JCH (E.D. Mo. 2006). Plaintiff pled guilty and was sentenced to a prison term of 15 months. Id. On August 3, 2007, plaintiff filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, in which he brings the same allegations as he does in the instant complaint as evidence of mitigating circumstances for his escape. Hartley v. United States, 4:07CV1398 JCH (E.D. Mo.).

## Discussion

The complaint survives review under 28 U.S.C. § 1915(e)(2)(B) as to defendants Armstead, Wingfield, Arrington, Carter, and Levins on plaintiff's claims for sexual abuse and retaliation. Accordingly, the Court will order these defendants to respond to the complaint.

A claim under Bivens involves the same analysis as one arising under 42 U.S.C. § 1983. Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999). Liability under Bivens, therefore, "requires a causal relationship between a defendant's conduct and a plaintiff's constitutional deprivation." Id.; see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Gonzales, Anderson, Vega, Nalley, or Lappin were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed

against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, the complaint fails to make any specific allegations against John or Jane Doe. As a result, they will be dismissed from the complaint.

Plaintiff's claims against Dismas House are not cognizable under Bivens or § 1983 because jails and halfway houses are not "persons" for purposes of Bivens or § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992).

There is no cause of action under Bivens or § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. E.g., Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for recovery of personal property. Id.; Mo. R. Civ. P. 99.01 - 99.15. As a result, plaintiff's claim for unconstitutional taking of his personal property fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.32 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Armstead, Wingfield, Carter, Arrington, and Levins.[2]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Armstead, Wingfield, Carter, Arrington, and Levins shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Gonzales, Anderson, Vega, Nalley, Lappin, John Doe, Jane Doe, or Dismas House because, as to these defendants

---

[2]These defendants are alleged to be employees of Dismas House, St. Louis.

the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 18th day of September, 2007.

                                                                         UNITED STATES DISTRICT JUDGE