UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMON ARMOND HARTLEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:07CV1518 CDP |
| LAMAR ARMSTEAD, et al., | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff, who is a federal prisoner, filed this action in August of 2007. I granted him leave to proceed in forma pauperis, but dismissed certain defendants. The remaining defendants are Lamar Armstead, T. Wingfield, H. Carter, A. Arrington, and C. Levins. Plaintiff alleges, among other things, that he was sexually assaulted by defendant Armstead while he was in federal custody at Dismas House, where Armstead and the remaining defendants worked.

I have not yet entered a Case Management Order because service of process has not been achieved on defendants Armstead and Carter, who apparently no longer work at Dismas House. Counsel has entered an appearance for the other defendants. The United States Marshal's Service believes it may be able to serve Carter soon at the address that was previously provided by counsel for the other defendants, but they do not believe they will be able to serve Armstead, because

he is no longer at the address provided by the other defendants.

Plaintiff filed a statement on January 28, 2008, indicating that defendant Armstead had been arrested and charged with assaulting plaintiff. I want to know if this allegation is true; if it is, I believe that the other defendants probably know about it, or, in any event, can find out. After all, if Hartley's allegations about the charges are correct, this would have been a criminal investigation arising from incidents that occurred at defendants' facility, and it is highly unlikely that they would not know about it. I will therefore order counsel for the remaining defendants to notify the court whether there has been a criminal investigation of this matter, whether Armstead has been charged with this crime, and, if so, where he is located. If counsel deems it appropriate, she may file the response under seal.

In the meantime, I will enter a Case Management Order, and will deny plaintiff's motions for appointment of counsel and for appointment of a mental health expert witness. I may reconsider these denials at a later stage of the case, as I would like to know more about the factual basis of the claim before I determine whether appointment of counsel is necessary.

I will deny plaintiff's request for subpoenas. The Case Management Order entered today allows both parties to commence discovery, but plaintiff should start

by providing the information required by the Case Management Order and sending written discovery to the parties who are represented by counsel, and in any event, we do not provide blank subpoenas to incarcerated parties.

Accordingly,

**IT IS HEREBY ORDERED** that counsel for defendants shall advise the court, no later than **March 1, 2008** about the status of any criminal investigation related to the allegations of this complaint, including whether Lamar Armstead or any other person has been charged. If charges have been filed, counsel must include the court and docket numbers, as well as any information defendants have or can determine about Armstead's location.

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel [#4, 19] and for mental health expert witness [#20] are denied, without prejudice to reconsideration as this case progresses.

**IT IS FURTHER ORDERED** that plaintiff's request for additional time to serve summonses [#27] is granted only to the extent that plaintiff has shown good cause for his failure to achieve service of process, and the attempts to achieve service as set forth herein will continue.

**IT IS FURTHER ORDERED** that plaintiff's requests for issuance of subpoenas [#18, 29] are denied.

A Case Management Order is entered separately this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2008.