UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAMON ARMOND HARTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1518 CDP |
| | ) | |
| T. WINGFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Damon Armond Hartley's complaint alleges that while he was an inmate house at Dismas House he was sexually harassed and assaulted. Hartley's claims remain pending against defendants Armstead, Wingfield, Carter, Arrington, and Levins. Hartley has not served Carter, and I previously ordered him to show cause why his claims against Carter should not be dismissed without prejudice. Hartley did not file any response to that order. Defendants Wingfield, Arrington, and Levins have now filed a motion for summary judgment, and Armstead filed a motion to quash service of process. Hartley has not responded to either of these motions, and his time to do so has passed. After a careful review of the record, I will grant both of these motions. I will also dismiss Hartley's claims against Carter and Armstead without prejudice.

## Undisputed Facts

Hartley is a federal inmate who was housed at Dismas House, a Community Corrections Center, between October 2005 and December 2005. Dismas House is a private contractor that has contracted with the Bureau of Prisons to offer services as a Community Sanctions Center. Levins, Arington, and Wingfield are all employed by Dismas House rather than by the Federal Government. Hartley alleges that, while he was incarcerated at Dismas House, he became the target of sexual harassment and sexual assault by Armstead. Hartley alleges that on or about November 9, 2005, he was assaulted by Armstead. Hartley escaped from custody on December 11, 2005 and was apprehended on May 11, 2006. Hartley reported the incident to the Bureau of Prisons on or about April 24, 2007. In addition to filing a complaint, Hartley also filed a motion for compassionate release and a federal tort claim. Hartley did not ever file a formal written administrative remedy request, a BP-9 form or its equivalent, regarding any alleged sexual abuse or staff misconduct.

In his compassionate release request and his federal tort claim, Hartley claims that he attempted to speak with Levins, but she was rude and refused to speak with him. He also states that he wrote a letter detailing what had happened to be forwarded to the director of Dismas House, but nothing ever came of the

letter. At the same time, he also states that he did not say anything regarding the sexual assault at that time. Neither complaint references Arington or Wingfield at all. Still, the evidence establishes that no one at Dismas House was told of Hartley's allegations until April 2007.

On August 2, 2007, Hartley's administrative claim under the federal tort claims act was denied. On September 14, 2007, the Bureau of Prisons informed Hartley that it had completed the investigation of his compassionate release request, but that its investigation was not yet final. It informed him that he had the right to appeal to the Office of Regional Council within 30, but Hartley did not file an appeal.

Hartley filed this suit on August 23, 2007. I have done everything in my power to assist Hartley in obtaining service on Carter and Armstead. I have required defendants to provide the Court with these defendants' last known addresses and the Marshals have attempted to serve them multiple times. On April 13, 2008, a Marshal served the complaint upon Armstead's mother at an address provided to this Court by defendants. Armstead now testifies that he does not reside at that address and seeks to quash service of process.

## Discussion

In determining whether summary judgment should issue, the Court views

the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Defendants Levins, Arington, and Wingfield argue that they are entitled to summary judgment because Hartley did not exhaust his administrative remedies and because he did not raise specific allegations against them in his previous complaints. In 1995, Congress enacted the Prison Litigation Reform Act in an effort to address the large number of prisoner complaints filed in federal court. *Jones v. Bock*, 127 S. Ct. 910, 914 (2007). Among other things, the PLRA includes an exhaustion requirement which states, "No action shall be brought with

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). PLRA's exhaustion requirement applies to suits by state prisoners under § 1983 and to federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Levins, Arington, and Wingfield bear the burden of establishing that Hartley has not exhausted his administrative remedies with regard to his claims against them. *Jones*, 127 S. Ct. at 919.

Hartley's complaint alleges that he notified Levins, Arington, and Wingfield of the sexual harassment and assaults, and they failed to intervene or take investigative action. He also alleges that these defendants retaliated against him.

The Bureau of Prison's administrative remedy program is codified at 28 C.F.R. §§ 542.10, *et seq*. Generally, prisoners are required to informally present issues of concern to prison staff, but prisoners at Community Corrections Centers, such as Dismas House, need not attempt to resolve concerns informally. 28 C.F.R. § 542.13. Prisoners are then required to submit an Administrative Remedy Request, form BP-9, with the Bureau of Prisons within 20 calendar days of the date on which "the basis for the Request occurred." 28 C.F.R. § 542.14(a).

In this case, Hartley's allegations arise out of events that took place in the fall of 2005. He did not file anything with the Bureau of Prisons until April 2007. The twenty day period for filing a grievance had long passed by April 2007. Hartley has not raised any reason why he should have been granted an extension in which to file his grievance. Whether Hartley's April 2007 claim adequately stated allegations against Levins, Arington, and Wingfield or not, Hartley did not timely exhaust his administrative remedies, and so I will grant the motion for summary judgment with regard to Hartley's claims against Levins, Arington, and Wingfield.

Additionally, I will grant Armstead's motion to quash service of process. Because Armstead testified that he does not reside at the address where service was effectuated and because Hartley has not challenged the truthfulness of this testimony, I conclude that Armstead was not properly served with the complaint. As a result, both Armstead and Carter remain unserved.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment of defendants Levins, Arington, and Wingfield [#50] is granted, and the complaint is dismissed against them, with prejudice.

**IT IS FURTHER ORDERED** that defendant Armstead's motion to quash service of process [#52] is granted.

**IT IS FURTHER ORDERED** that plaintiffs claims against defendants Carter and Armstead are dismissed without prejudice for failure to serve. No other claims remain pending in this case.

A separate judgment in accordance with this memorandum with issue this same day.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2008.